# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

LARRY DARNELL TALLEY,
ADC #085667                                                                                              PLAINTIFF

V.                                              5:11CV00307 JLH/JTR

DERWIN METCALF, Captain,
Arkansas Department of Correction, et al.                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States Chief District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Larry Darnell Talley, is a prisoner in the Tucker Unit of the Arkansas Department of Correction ("ADC"). In this *pro se* § 1983 action, he alleges that Defendants violated his constitutional rights. *See* docket entries #2 and #5. Pursuant

to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

### A. Due Process Claim

Plaintiff contends that Defendants violated his due process rights when they wrongfully convicted him, on April 26, 2011, of a disciplinary infraction for brining tobacco products onto the Pine Bluff Unit grounds. *See* docket entries #2 and #5. As a result of that disciplinary conviction, Plaintiff lost 365 days of good time credit, his

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that, when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

class was reduced, and he was confined in punitive isolation for 30 days. *Id.* By way of relief, he seeks the reversal of his disciplinary conviction and monetary damages. *Id.*

A prisoner may only maintain a due process challenge to a disciplinary proceeding if he is deemed to have a liberty interest at stake. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). It is well settled that a prisoner does *not* a liberty interest in maintaining a particular classification level. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Sanders v. Norris*, Case No. 05-2398, 2005 WL 2861952 (8th Cir. Nov. 2, 2005) (unpublished opinion); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994); *Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990).

Similarly, in *Sandin* and its progeny, courts have held that a prisoner does *not* have a liberty interest arising from being placed in punitive isolation for a relatively short time. *See Sandin*, 515 U.S. at 482-86 (holding that the due process clause applies only when prison officials impose an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life"); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship, under *Sandin*). Thus, Plaintiff did not have a liberty interest in avoiding placement in punitive isolation for thirty days.

In contrast, a prisoner may have a constitutionally protected liberty interest in good time credits. *Wolff v. McDonnell,* 418 U.S. 539, 555-58 (1974); *Sandin,* 515 U.S. at 477-79.[2] However, the proper vehicle for restoring lost good time credits is a federal habeas action, not a civil rights action.[3] *Muhammad v. Close*, 540 U.S. 749, 750-51 (2004); *Portley-El v. Brill,* 288 F.3d 1063, 1066-67 (8th Cir. 2002). Importantly, the Supreme Court has extended this holding to cases in which a prisoner seeks damages, in lieu of or in addition to the restoration of good time credits. *Heck*

---

[2] In *Sandin*, the Supreme Court explained that "the Due Process Clause itself does not create a liberty interest in credit for good behavior." *Sandin*, 515 U.S. at 477. Instead, a court must look to the specific state statute in question to determine whether a liberty interest in good time credits has been created by the State. *Id.* For instance, in *Wolff*, the Court concluded that Nebraska had created a liberty interest because an award of good time credits, under the Nebraska state statute, resulted in a "shortened prison sentence." *Wolff*, 418 U.S. at 557.

In contrast, the Arkansas Supreme Court has recently held that the State of Arkansas has *not* created a liberty interest in good time credits because, under Ark. Code Ann. § 12-29-201, an award of good time credits does *not* reduce the length of a prisoner's sentence. *McKinnon v. Norris*, 231 S.W.3d 725, 730 (Ark. 2006); *Koontz v. Norris*; CAse No. 08-75, 2008 WL 2310973 (Ark. June 5, 2008) (unpublished opinion). Instead, good time credits awarded under Ark. Code Ann. § 12-29-201, reduce a prisoner's transfer eligibility date, which is the date on which a prisoner becomes eligible for parole or placement in the Arkansas Department of Community Corrections. *Id.*; *see also* Ark. Code Ann. § 12-29-201(d) (providing that: "Meritorious good time will not be applied to reduce the length of a sentence"); *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 9-11 (1979) (holding that a prisoner does not a liberty interest in being granted parole).

[3] Before filing such a habeas action, a prisoner must first challenge the constitutionality of the underlying disciplinary conviction in *state court* and fully exhaust all state court remedies. *See* 28 U.S.C. § 2254(b).

*v. Humphrey,* 512 U.S. 477 (1994) (providing that, if an award of damages to a prisoner in a civil rights action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim could be brought until the conviction or sentence was reversed, expunged, or called into question by a state tribunal or federal habeas court); *Edwards v. Balisok*, 520 U.S. 641 (1997) (applying the *Heck* holding to prison disciplinary convictions); *Portley -El v. Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002) (same).

Accordingly, Plaintiff's due process challenge to his disciplinary conviction should be dismissed, without prejudice, so that he can pursue his state court remedies aimed at having it reversed, expunged, or called into question. If those state remedies are unsuccessful, Plaintiff can then file a federal habeas action. Only after Plaintiff has prevailed in overturning his disciplinary conviction, in either state or federal court, can he file a § 1983 action for damages.

**B.    Equal Protection Claim**

Plaintiff also contends that his equal protection rights were violated in connection with his April 26, 2011 disciplinary conviction. *See* docket entries #2 and #3.

To state a viable equal protection claim, a prisoner must allege that he was treated differently from similarly-situated inmates and that the different treatment was

based upon either a suspect classification or fundamental right. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008); *Weems v. Little Rock Police Dept.,* 453 F.3d 1010, 1016 (8th Cir. 2006).

Plaintiff does not make any such allegations in his Complaint or Amended Complaint. Instead, he argues that Defendants violated several internal prison rules during his disciplinary hearing. It is well settled that prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir.1997). Accordingly, his equal protection claim should be dismissed, without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 17th day of January, 2012.

                                                _____
                                                UNITED STATES MAGISTRATE JUDGE